VICKSBURG RAILWAY AND LIGHT COMPANY *v.* BENJAMIN MILES.

[40 South. Rep., 738.]

EVIDENCE. *Electricity. Injury to animals. Street railway.*

Evidence of a continuous series of instances like the one sued for, knowledge thereof having been brought to the defendant, is admissible in an action against an electric railway company for injury to a horse alleged to have been caused by an electric shock, causing the animal to fall while crossing defendant's track, since it tends to show that the injury was caused by electricity, occasioned by continuous negligence, and not by an unavoidable accident.

FROM the circuit court of Warren county.

HON. OLIVER W. CATCHINGS, Judge.

Miles, the appellee, was plaintiff in the court below; the railway company, the appellant, was defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

The suit was for damages, the value of a horse alleged to have been injured while crossing the track of the appellant street railway by receiving an electric shock which threw him to the ground, breaking his leg, thereby rendering him useless, and from which he died. It was shown by the plaintiff that the horse stepped on the track near the power house, fell suddenly to the ground, and was found to have a broken leg. Plaintiff offered to show evidence of a continuous series of instances wherein

other horses had received similar shocks by stepping on the track of the appellant railway company at other places on its line, of which the officials of defendant company were notified.   This evidence was objected to by the railway company, for the reason that it did not show a specific defect, but the court below admitted it as tending to show continued negligence of the railway company in not keeping its track in a safe condition.

*Smith, Hirsh & Landau,* for appellant.

It was not proper, under the circumstances, to permit the witnesses to show that other horses had been similarly injured at other times and places.   CAMPBELL, C. J., in *Grand Rapids, etc., R. R. Co.* v. *Huntly,* 38 Mich., 540, says: "We are also of the opinion that no defects in the track could be relied on to show negligence contributing to the accident except those existing where the track was injured or displaced and that testimony as to the condition of the road away from the scene of the injury was improper to make out a cause of action, and could only tend to raise false issues.   The testimony should be confined to the time, as well as the place of the accident."

In an action by a railroad passenger for personal injuries, caused by the car running off the track, on account of the defective condition of the track.   Held: "That evidence of the defective condition of the road at a point half a mile distant from the place of the accident, and that new ties subsequently were put down at the place of the accident, was inadmissible.   *Reed* v. *N. Y. C. R. R. Co.,* 45 N. Y., 576.

"Evidence that some time before plaintiff was injured by falling into a hole in a defective passenger platform, there were other holes in the platform, to which the attention of the defendant's station agent was called, is inadmissible.   *L. & N. R. R.* v. *Henry,* 44 S. W. Rep., 428.

"In an action against a street railroad company, where it was charged with negligence in allowing the rails of its track to pro-

ject above the roadway, testimony as to the condition of the street at places other than the place of the accident was inadmissible. *Cunningham* v. *Fair Haven, etc., R. R. Co.,* 1 Atl. Rep., 1047.

"In the case of *L. & N. R. R. Co.* v. *Fox,* 11 Bush., 505, the defective condition of other portions of the same section were excluded as being too remote.

"Testimony as to the bad and defective condition of the side-walks a block or more each way from the cross walk where the injury occurred is inadmissible.    *Dundas* v. ¯*City of Lansing* (Mich.), 5 L. R. A., 143; *Hipsley* v. *Railroad Co.,* 48 Mo., 348; *Taylor* v. *Monroe,* 43 Conn., 42; *Morse* v. *Railroad Co.,* 30 Minn., 465; *Bailey* v. *Trumbull,* 31 Conn., 581; *Collins* v. *Dorchester,* 6 Cush., 396; *Robbins* v. *Fitchburg,* 7 Gray, 92; *Maguire* v. *Middlesex, etc.,* 115 Mass., 239; 1st Allen, 187."


*Hudson & Fox,* for appellee.

Appellant had no right to maintain a track that would shock horses being driven over it, and if Miles' horse was shocked by stepping on a rail so that the injury complained of resulted, we have established our case, and are not called upon to prove any specific defect.

"The actions were based upon alleged negligence in the lawful operation, by means of electricity, of a street railway in the city of Trenton.   In such operation an electric current was conducted through rails laid on the streets, the ends of the rails being fastened together with metallic ties by a process called in the declaration and testimony 'bonding.'   The negligence averred was in insufficient or defective bonding, permitting the escape of electricity.   In one of the actions the result averred was injury to a valuable horse owned and being driven by plaintiff, Cooper; and the other personal injury to the plaintiff, Bennett, who was Cooper's hostler, and who was riding with him.   The horse ran away, and both men were thrown from the carriage.   The plain-

tiffs recovered damages, and the judgments have been removed by writs of error to this court.

"Error is first assigned upon the refusal to nonsuit. The contention is that the averments of negligence were limited to the bonding of the rails, the plaintiffs were obliged to point out and establish some particular defect or deficiency in such bonding. I do not assent to this view. It would have been sufficient to aver that electricity was, through negligence, permitted to escape from the rails, but as it appeared in the case that such escape was only possible at the ends of the rails, it was a necessary conclusion that, if it occurred, it must have been due to insufficient or defective bonding. It must be assumed that with proper and sufficient bonds the rails would have carried a current of electricity with safety to horses stepping upon them. Otherwise, the operation of a railway upon a public street, by means of such a current passing through its rails, was, *ipso facto,* a nuisance. No legislation has authorized such an infringement on the rights of the public in a highway. If, therefore, electricity did escape from the rails, that fact was presumptive proof of negligence.

"The case comes clearly within the bounds set by this court for the rights of plaintiff to say, *ipsa loquitur.* *Bahr* v. *Lombard,* 53 N. J. L., 233. Of course proof of a latent defect, or of a break in a bond, of which the managers of the railway could not, with due diligence, have learned, might rebut the presumption of negligence, but no such proof appeared in the plaintiff's case. Assuming that there was proof tending to show that electricity did escape from the company's rails and affect the horse, it was the duty of the trial judge to require a defense. There was proof, sufficient to go to the jury, of such escape and shock. The horse, previously docile and accustomed to the city streets, was being driven across the railway track. Immediately after stepping on the rail he stopped, shook, quivered, and then plunged forward and ran so violently as to overcome all effort to restrain

him.    *Trenton Passenger Railway Co.* v. *Cooper,* 60 N. J. L.,
209; 64 Am. St. Rep., 592.

If we have shown that plaintiff's horse was shocked, then the
only way by which defendant can avoid liability is to show that
its track was in such condition as to shock plaintiff's horse by
reason of the act of God or other thing which it could not have
foreseen and avoided by due diligence.    *Haynes* v. *Raleigh Gas
Co.* (N. C.), 41 Am. St. Rep., 786; *Snyder* v. *Wheeler, etc., Co.*
(W. Va.), 64 Am. St. Rep., 922; 15 Cyc., 478.

It seems to us that without any authority to support the prin-
ciple on which the testimony was admitted, the reason for its
admission is clear.    But authority is plentiful, and we cite 1
Wigmore on Evidence, secs. 441–449, for a most excellent dis-
cussion of the general principles, and secs. 450–456 for a great
number of precedents arranged and classified.    *Railway Co.* v.
*Schlenker,* 82 Miss., 770 (s.c., 35 South. Rep., 304), and cases
cited in the opinion of the court.


CALHOON, J., delivered the opinion of the court.

It cannot be doubted that the injury to the horse was caused
by a loose connection of the bond wires, preventing proper ground
connection, thus causing an arc along the track on the passage of
the train.    To show that this did not arise from an unavoidable
accident, not to be foreseen or provided against, but that it was
because of long-continued negligence over the whole of the road,
and which was the subject of complaint to the company, as cumu-
lative evidence that electricity caused the hurt, it was competent
to show other shocks to other animals in other parts of the line,
operated by one current, and complaint made.    See 15 Cyc.,
478, and notes.    This involves no danger of a confusion of issues.
An electric current over a car line is a continuous stream, and,
properly bonded and connected, is free from danger, and a mat-
ter of easy proof by the operator.    In showing that electricity,
negligently controlled, was the origin of the particular event, it

was properly allowed to show other instances of similar results along the same circuit. 1 Wigmore on Evidence, secs. 441–443; *Id.*, note to page 542. It is of the same nature as evidence of frequent emission of sparks by an engine to show its negligent construction, and adding to the probability that it set out the particular fire. An electrical current over the same conductor is just as much one thing as an engine is. 1 Wigmore on Evidence, sec. 452, *et seq.*

*Affirmed.*